BAILES, Judge Pro Tem.
Herein the court, ex proprio motu-, issued an order to the appellant, Mrs. Jean Critcher Gulino, to show cause why this appeal should not be dismissed as not having been timely perfected. From our examination of the record we find the appeal was timely, and the show cause order is recalled.
The record shows that the case was tried on July 3, 1973, and on July 26, 1973, the trial judge rendered lengthy written reasons for judgment. At this rendition, however, no final judgment was signed. Apparently, a deputy clerk of court believed that the rendition of written reason for judgment signed by the trial judge was a “final” judgment within the purview of LSA-C.C.P. Article 1913 which required a notice of judgment as there appears on the last page of the reasons for judgment a certificate by the deputy clerk that “ * * * a notice of the above judgment was mailed by me * * * ” to the therein named attorneys. This notice was mailed on July 26, 1973.
Subsequent to the rendition of the written reasons for judgment, the judge signed a final judgment on August 3, 1973, which, under LSA-C.C.P. Article 1913, did require notice of judgment. However, no notice was sent to either of the attorneys of record. Thus the thirty day period during which an appeal must be perfected as provided by LSA-C.C.P. Article 3942 did not commence to toll.
Therefore, the appeal petitioned for and perfected by the filing of the required appeal bond on November S, 1973, was timely and within the delay specified in LSA-C. C.P. Article 3942.
Accordingly, for the foregoing reasons the show cause order issued herein by the court on March IS, 1974, is recalled.
Order recalled.