EDWARDS, Judge.
Elouise Kelly brought suit against National Life and Accident Insurance Company seeking to recover proceeds from a certain life insurance policy. In another proceeding, National Life filed a petition for concursus, impleading as defendants various relatives of the deceased insured. Following consolidation of the two cases, trial was had on February 1, 1979, and the case was then taken under advisement.
The trial court’s opinion, declaring El-ouise Kelly to be the beneficiary, was written, signed and dated on March 2,1979, and was subsequently sent by certified mail to all counsel.
On March 20, 1979, intervenors, the parties originally named as defendants in National Life’s concursus proceeding, filed a motion for a new trial. In a notation written March 22, the trial court stated:
“I need the final judgment in order to pass on a motion for a new trial.”
No further action took place insofar as this motion was concerned.
A final judgment, conforming to the opinion of March 2, was read, rendered and signed in open court on April 3, 1979. Counsel for all parties signed the judgment. Notice of this judgment was never mailed out.
An order for the clerk of court to pay Elouise Kelly the funds deposited in the court’s registry was signed on June 14, 1979, on the ground that sixty days had elapsed since the April 3, 1979, judgment without an appeal having been filed.
On December 13, 1979, the intervenors filed a show cause order, subsequently signed by the trial court, requiring Elouise Kelly and National Life to show cause why the original judgment should not be vacated or, alternatively, why a new trial should not be granted. Following a hearing, the motion for a new trial was denied but the trial court signed an order granting an appeal to the intervenors-appellants.
Counsel for Elouise Kelly has filed a motion to dismiss the appeal on the ground that it was untimely filed. We deny the motion.
LSA-C.C.P. Art. 1913 provides in part:
“when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.”
This case was taken under advisement. Despite the fact that attached to the judgment in the record are the return receipts showing receipt by all counsel of the March 2 opinion, nothing in the record indicates that notice of judgment was ever sent. It must therefore be presumed that no notice was mailed. In re Salmon, 318 So.2d 897 (La.App. 2nd Cir. 1975).
Counsel for plaintiff-appellee, Elouise Kelly, urges that Art. 1913 does not apply in a case like the present one, where all counsel signed the final judgment. We disagree.
Art. 1913 uses mandatory language. No provision is made for relieving the clerk of his obligation to mail out notice of judgment. It is therefore irrelevant whether or not the judgment was signed by counsel.
Since the required notice was not mailed, the delay for appealing the judgment of April 3, 1979, never commenced running and the appeal of intervenors-appellants was timely filed. Gulino v. Gulino, 303 So.2d 298 (La.App. 1st Cir. 1974).
All costs of this motion to dismiss are to be paid by Elouise Kelly.
MOTION TO DISMISS DENIED.